UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL KATON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR C.K., K.K., AND T.K.; AND SARA KATON,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | 5:16-CV-05023-JLV<br><br>ORDER |

This is a personal injury and personal property action brought by Plaintiffs Michael Katon, Sara Katon, and their three minor children against the United States pursuant to the Federal Tort Claims Act. Defendant filed a Motion to Compel (Doc. 51) requesting production of certain information from Plaintiffs' expert neuropsychologist, and a Motion to Stay Deadlines (Doc. 65). Defendant then filed a Motion to Exclude Plaintiffs' Expert (Doc. 72), a Motion for Permission to Conduct an Independent Medical Examination and Extension of Deadlines (Doc. 78), a Motion to Conduct Discovery and Extend Discovery Deadlines (Doc. 83), and a Motion for Leave to Supplement the Record Regarding its Request for IME (Doc. 86). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Defendant's Motions to this magistrate judge for determination. (Docs. 54, 74, 80, 89).

1

**BACKGROUND**

Plaintiffs allege that an employee of the United States Postal Service negligently drove a postal truck into Michael Katon's vehicle, causing injuries to occupants Sara Katon, C.K., K.K., and T.K. (Doc. 5). Plaintiffs retained an expert neuropsychologist, Dr. Rodney Swenson, to testify on the neurological injuries that Sara Katon suffered. Dr. Swenson examined Ms. Katon on August 20, 2015 and performed a variety of tests. (Doc. 64-1). After some dispute, Plaintiffs provided Defendant with the raw data that Dr. Swenson obtained in his examination. (See doc. 44; doc. 42 at p. 5 (stating that Plaintiffs provided Defendant with all raw data by July 9, 2017.)). Plaintiffs also filed Dr. Swenson's evaluation summary, which includes a list of the tests Dr. Swenson performed on Ms. Katon. (Doc. 64-1).

**A.    The Motion to Compel**

In its Motion to Compel, Defendant requests production of the test items, test instructions and administration procedures, scoring procedures, and test norms that Dr. Swenson used to convert the raw scores to standard or scaled scores. (Doc. 52 at p. 2). Defendant requests sufficient detail to locate the materials if they have been published; if not published, Defendant asks for copies of the pertinent pages setting forth the requested information. (Doc. 53-8). Defendant's expert, Dr. David Faust, explains that Dr. Swenson's procedures and norms are critical to interpreting the raw data received. (Doc. 53-13 at p. 3–4). Dr. Faust states that normative data are used to convert raw scores into standard scores, but depending on the normative samples and

procedure used, the same raw data could yield different results. (Id. at p. 7). Therefore, in order to properly assess Dr. Swenson's methodology, Dr. Faust requires disclosure of the procedures and norms Dr. Swenson used when converting the raw data. (Id.). Defendant further requests a stay of the current scheduling order to allow time to review the information produced and conduct Dr. Swenson's deposition. (Docs. 65 and 66 at p. 3).

Plaintiffs resist the Motion to Compel, stating that Dr. Swenson's report identifies the tests administered; the standard test manuals contain the procedures, and thus should be accessible to Dr. Faust; and Dr. Faust may determine for himself the scoring of raw data and run the results through any normative database of his choosing. (Doc. 53-8). Plaintiffs also state that the requested information may be obtained by deposing Dr. Swenson. (Doc. 61 at p. 11).

### B. The Motion to Exclude

As an alternative measure of relief, Defendant requests exclusion of Dr. Swenson because Plaintiffs have failed to establish by a preponderance of the evidence that his testimony is admissible. (Doc. 72). Defendant claims that as long as Plaintiffs fail to identify the testing procedures and norms Dr. Swenson utilized, his opinions are not reliable and must be excluded. (Doc. 73 at p. 5).

### C. The Motions for Permission to Conduct IME, Conduct Discovery and Extend Deadlines, and Supplement the Record Regarding Request for IME

Finally, Defendant requests permission to conduct an independent medical examination ("IME") of both Ms. Katon and K.K., and asks for an additional extension of deadlines in order to do so. (Doc. 78). Defendant wishes to conduct psychiatric IMEs, rather than neuropsychological examinations, to evaluate any psychiatric issues that may have preexisted the accident. (Doc. 82). Defendant acknowledges that the court's current scheduling order does not allow further continuances or extensions. (Doc. 79 at p. 2). However, Defendant states that good cause exists because the disputes over the raw data and the pending Motion to Compel have delayed discovery, requiring Defendant to pursue alternative defenses. (Docs. 82, 93). In its Motion to Supplement the Record (Doc. 86), Defendant identifies the experts who would conduct the IMEs and proposes dates for the examinations.

Defendant additionally requests an extension to conduct further discovery pertaining to K.K.'s functioning in school before and after the accident. Defendant identifies eleven individuals it wishes to depose, and states that good cause exists for the reasons identified in its previous motions. (Docs. 83 and 84 at p. 5–6). Plaintiffs resist both motions.

## **DISCUSSION**

### I. **Defendant's Motions to Compel, Exclude Expert, and Stay Deadlines**

A party moving to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendant's counsel certified that she made timely and good-faith efforts to resolve the discovery issues raised in the Motion to Compel. (Doc. 53 at p. 3). Therefore, Defendant satisfies the meet and confer requirement.

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. Rule 26(a)(2)(B) requires testifying experts to disclose, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). "The Eighth Circuit permits liberal discovery of all 'information disclosed to a testifying expert in connection with his testimony, whether or not the expert relies on the documents and information in preparing his report.'" Kayongo-Male v. S.D. State Univ., No. 04-CV-4172, 2008 WL 2627699, at *4 (D.S.D. July 3, 2008) (quoting Kooima v. Zacklift Int'l, Inc., 209 F.R.D. 444, 446–447 (D.S.D. 2002); see Page v. Hertz Corp., No. 09-CV-5098, 2011 WL 5553489, at *8 (D.S.D. Nov. 15, 2011) (granting motion to compel because "Hertz is entitled to cross-examine Dr. Kurzman on all the information he used in arriving at his opinion, including the raw data."); see also Sapone v. Grand Targhee Inc., No. 00-CV-020, 2000 WL 35615926 (D. Wyo. Aug. 9, 2000) (holding that defendant's "rebuttal expert has a right to review [plaintiff's experts'] raw data, the background questionnaire, the Child Behavior Checklist and the Family Inventory of Life

5

Events relating to plaintiff," as well as any other information that experts relied upon).

Plaintiffs argue that Kayongo-Male and Page—which both focused on disputes over raw data—do not apply to this case, because Plaintiffs already disclosed the raw data. (Doc. 61 at p. 10–11). However, both Kayongo-Male and Page held that movants were entitled to *all* the information the experts used in forming their opinions, *including* raw data. Although Plaintiffs provided the raw data, Dr. Faust states that the materials Plaintiffs produced do not allow him to determine "what published test manual, if any, was used, exactly what procedures were followed in administering and scoring the tests, and what normative data, if any, were used." (Doc. 53-13 at p. 7). Defendant requests disclosure of the procedures Dr. Swenson used in analyzing the raw data and forming his opinion.

Under the plain language of Rule 26, Defendant is entitled to disclosure of the test items, instructions and administration procedures, scoring procedures, and test norms that Dr. Swenson utilized when evaluating Ms. Katon. Defendant "is entitled to cross-examine [Dr. Swenson] on *all* the information he used in arriving at his opinion[.]" Page, 2011 WL 5553489, at *8 (emphasis added). Accordingly, the Motion to Compel is granted. Plaintiffs have 14 days to produce the items requested in Defendant's Fifth Request for Production, Request No. 1. Thereafter, Defendant has 30 days to conduct Dr. Swenson's deposition. No further discovery outside of this Order may be conducted. Because the court will grant relief through the Motion to Compel

6

(Doc. 51), the Motion to Stay (Doc. 65) and the Motion to Exclude (Doc. 72) are denied as moot.

II. **Defendant's Motions for Permission to Conduct IME, Conduct Discovery and Extend Deadlines, and Supplement Record re Request for IME**

The court's scheduling order required all discovery to be completed by December 1, 2017, and all motions, other than motions in limine, to be filed by January 5, 2018. (Doc. 44). The scheduling order stated that "no further continuances or extensions will be granted." (Id.). Defendant filed its motion to conduct an IME of K.K. and Ms. Katon and to extend deadlines on February 8, 2018, more than one month after the January 5, 2018 deadline. In its February 8, 2018 Motion, Defendant requested a neuropsychological IME; Defendant altered this request to a psychiatric IME in its March 13, 2018 Reply. (Doc. 82). On May 8, 2018, Defendant filed its Motion to Conduct Discovery and requested permission to depose eleven individuals involved with K.K.'s schooling. (Docs. 83, 84).

Federal Rule of Civil Procedure 16 requires the court to issue an order setting deadlines for various stages of the litigation. The Rule 16 scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally,

7

[the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. Even when the movant shows good cause, the district court retains discretion as to whether to grant the motion. Bradford, 249 F.3d at 809. Further, the court must interpret Rule 16 in manner so as to achieve the "just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1.

Defendant acknowledges that it filed the motions for IME and discovery outside the scheduling order's deadlines. (Doc. 93 at p. 5). However, Defendant argues its Motion to Stay Deadlines (Doc. 66) preserved its right to file additional motions for discovery; therefore, Defendant argues Rule 16's good cause standard applies. (Doc. 93 at p. 5–6). Defendant indicates that its delay in filing the Motions is due to Plaintiffs' failure to provide Defendant with the items requested in the Motion to Compel. (Doc. 79 at p. 4–6). Defendant claims that it must now pursue an alternative defense, and assess Ms. Katon's and K.K.'s preexisting mental health conditions. (Doc. 82 at p. 2–3). Defendant also indicates that new government counsel recently assumed responsibility for the case, and bases its request on further review of the file and a greater understanding of the medical specialties at issue. (Id. at p. 1, 3). Defendant acknowledges that the IMEs and depositions will delay the case further, but states that the requested evaluations are critical to the defense. (Id. at p. 6).

Plaintiffs, by contrast, claim that Rule 16 does not apply because the motions for IME and discovery were filed outside the applicable deadlines.

8

Accordingly, Plaintiffs argue Rule 6(b) controls.  Rule 6(b)'s heightened standard applies to motions filed outside of the deadline, and provides that "the court may, for good cause," extend a deadline "on motion made after the time has expired if the parties failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010).  "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'"  Chorosevic, 600 F.3d at 946 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)).

Even if the court's scheduling order permitted further extensions, and assuming Rule 16's less stringent standard applies, Defendant nevertheless fails to show good cause to excuse its late filings.  Defendant claims the dispute over Dr. Swenson's testing protocols dominated the past year of litigation, apparently precluding exploration of Ms. Katon's and K.K.'s preexisting medical conditions.  (Doc. 93 at p. 3).  However, Plaintiffs disclosed their expert reports to Defendant by September 30, 2016.  (Doc. 31 at p. 1).  Plaintiffs also released school and employments records to Defendant on June 12, 2017.  (Doc. 91-2).  Defendant should have been aware of its need to explore any preexisting conditions before discovery closed, and could have filed these motions in a timely fashion.

Moreover, Defendant itself requested the deadlines at issue.  Discovery ended on December 1, 2017, after the court granted Defendant's second

9

motion to extend deadlines. (Doc. 44). "Parties are expected to adhere to the deadlines imposed by the court, especially when the parties themselves propose the deadlines." Younie v. City of Hartley, No. C14-4090, 2016 WL 2864442, at *3 (N.D. Iowa May 13, 2016). The fact that new government counsel has assumed responsibility of the file, and has decided to pursue a different defense, does not meet Rule 16's requirement that the movant show diligence. Therefore, no good cause is shown. Sherman, 582 F.3d at 717.

Because Defendant fails to show good cause, the court denies the Motion for Permission to Conduct IME and Extension of Deadlines (Doc. 78) and the Motion to Conduct Discovery and Extend Discovery Deadlines (Doc. 83). Because the Court denies the Motion for Permission to Conduct IME, the Motion to Supplement the Record Regarding Request for IME (Doc. 86) is denied as moot. Plaintiffs request attorney's fees pursuant to Federal Rule 37(a)(5)(B). (Doc. 81 at p. 8). Plaintiffs have failed to follow D.S.D. Local Rule 54.1(C)'s instructions regarding filing a motion for attorney's fees and therefore, the request for attorney's fees is denied without prejudice.

## **CONCLUSION**

Good cause appearing, it is hereby

ORDERED that Defendant's Motion to Compel (Doc. 51) is granted. Plaintiffs shall produce the requested items within 14 days of this order. Thereafter, the Defendant has 30 days from when the discovery is produced to conduct the deposition of Dr. Rodney Swenson. It is further

10

ORDERED that Defendant's Motion to Stay Deadlines (Doc. 65) is denied as moot. It is further

ORDERED that Defendant's Motion to Exclude Plaintiffs' Expert (Doc. 72) is denied as moot. It is further

ORDERED that Defendant's Motion for Permission to Conduct an Independent Medical Examination and Extension of Deadlines (Doc. 78) is denied. It is further

ORDERED that Defendant's Motion to Conduct Discovery and Extend Discovery Deadlines (Doc. 83) is denied. It is further

ORDERED that Defendant's Motion to Supplement the Record Regarding its Request for an Independent Medical Examination (Doc. 86) is denied as moot.

### NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of June, 2018.

                    BY THE COURT:

                    */s/ Daneta Wollmann*
                    DANETA WOLLMANN
                    United States Magistrate Judge